

# IN THE
# TENTH COURT OF APPEALS

### No. 10-19-00137-CV

CITY OF DALLAS,

Appellant

 v.

KATRINA AHRENS, S.A. AND M.A.,

Appellee

From the 18th District Court
Johnson County, Texas
Trial Court No. DC-C2017-00365

## ORDER

On January 22, 2020, this proceeding was referred to mediation.

Appellee filed a notice that the trial court had appointed Ross Stoddard as mediator in connection with a scheduling order. We note, pursuant to the referenced scheduling order, mediation was to occur no later than November 30, 2018. The trial setting was for October 17, 2019. We are well beyond those dates, and the trial court proceedings are automatically stayed due to the TCPA interlocutory appeal. The appellee did not, however, lodge an objection, as such, to the referral but did suggest that

due to the complexity thereof that additional time may be needed to complete the mediation.

Appellant filed an objection to the referral and therein requested clarification of the issues and parties that were referred to mediation. Appellant's objection to mediation is overruled.

To clarify the referral order, the Court renders the following order:

All parties involved in the trial court proceeding are referred to the mediation as previously ordered. Appellant is hereby ordered to transmit to each party a copy of the original order of referral to mediation and this clarification order.

The parties to the trial court proceeding that are not parties to the appeal will have 10 days from the date notice is sent to file an objection with this Court, the trial court, and the appointed mediator. Any objection not timely filed will be considered waived.

The timetable in which to complete mediation is extended to 90 days after the date of this order. If additional time is needed, a motion for an extension of time should be filed by any party or the mediator.

The mediator is fully authorized to convene, recess, and adjourn the mediation as he deems appropriate and may separate the mediation by parties and issues as he determines is most likely to allow for mediation of any issue, party, or claim.

The Court recognizes that the only issue currently on appeal is the interlocutory appeal of the denial of appellant's (City of Dallas's) TCPA motion to dismiss. But this is not the first issue to be brought before this Court from this trial court proceeding. Moreover, the Court is of the view that with greater latitude to address all the issues, the

mediator is in a better position to dispose of the entire proceeding; and if not the entire proceeding, potentially simplify those proceedings that remain by resolving some issues or claims against some parties. In this regard, the trial court is encouraged, but is not ordered, to join in this referral to mediation if the trial court believes it is necessary or advisable to do so.

In lieu of the provisions in the original referral to mediation order regarding the method and allocation of the mediator's fee, the mediator is hereby authorized to negotiate and allocate the mediation fee to the parties as he determines is appropriate given the complexities and issues relevant to the various parties, and must be paid by the party prior to the mediation. The mediation fee, if not otherwise allocated as part of a settlement, will be assessed as court cost.

All other provisions of the original referral to mediation order that are not modified or clarified by this order remain in effect.

It is so ordered.

PER CURIAM

Before Chief Justice Gray,
     Justice Davis, and
     Justice Scoggins[1]
Objection overruled; order clarified
Order issued and filed February 24, 2020
[RWR]



---

[1] The Honorable Al Scoggins, Senior Justice of the Tenth Court of Appeals, sitting by assignment of the Chief Justice of the Texas Supreme Court. *See* TEX. GOV'T CODE ANN. §§ 74.003, 75.002, 75.003.